**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND; and ARTHUR H. BUNTE, JR., as Trustee, <br><br> *Plaintiffs,* <br><br> v. <br><br> PREMIER ENVIRONMENTAL SOLUTIONS, LLC, a Michigan limited liability company, <br><br> *Defendant-Judgment Debtor.* | Case No. 16-cv-9339 <br><br> District Judge Elaine E. Bucklo <br><br> Magistrate Judge Maria Valdez |

**PLAINTIFFS' MOTION FOR ORDER OF CONTEMPT OF COURT
AND FOR ENTRY OF JUDGMENT AGAINST DUANE JONES**

NOW COME Plaintiffs, Central States, Southeast and Southwest Areas Health and Welfare Fund (the "Health Fund"), Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund" collectively with the Health Fund the "Funds") and Arthur H. Bunte, Jr., trustee, and respectfully request that this Court enter an order holding Duane Jones in contempt of court, and entering judgment against Jones for having violated the lien created by service of a citation to discover assets. In support of this Motion, Plaintiffs state as follows:

**FACTS**

**I.      The Judgment Against Premier and the Citation**

1.      Defendant Premier Environmental Solutions, LLC ("Premier") is an employer that was obligated to remit health and welfare and pension contributions to the Funds.

2. On September 29, 2016, Plaintiffs filed their action against Premier to collect delinquent contributions, interest, penalties, fees and costs and post-judgment interest. (Dkt. 1.)

3. On December 13, 2016, the Honorable Judge Samuel Der-Yeghiayan entered a Judgment Order in the amount of $72,511.56 in favor of the Pension Fund and against Premier and in the amount of $67,465.56 in favor of the Health Fund and against Premier. (Dkt. 15.)

4. On December 28, 2016, the Clerk of this Court issued a Citation in Supplemental Proceedings to Discover Assets ("Citation") to Premier. The Citation was addressed to Duane Jones, as Premier's president/owner. A true and accurate copy of the Citation is attached hereto as Exhibit A.

5. Pursuant to 735 Ill. Comp. Stat. 5/2-1402(f)(1), the Citation contained the following provision forbidding Premier from transferring assets:

> YOU ARE PROHIBITED from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from enforcement of a judgment, a deduction order or garnishment belonging to the judgment debtor or to which he or she or it may be entitled or which may hereafter be acquired by or become due to him or her or it, and from paying over or otherwise disposing of any moneys not so exempt which are due or to become due to the judgment debtor, until further order of the Court or termination of these proceedings, whichever occurs first.

(Ex. A at 1.)

**II.    The service of the Citation.**

6. On January 11, 2017, the Citation was served on Premier, through Duane Jones, at Premier's office located at 41105 Technology Park Drive, Sterling Heights, MI 48314, A true and accurate copy of the Affidavit of Service of the Citation is attached hereto as Exhibit B.

7. At the time that Jones was served with the Citation, he was the sole shareholder of Premier and its president. (Exhibit C, Transcript of Citation Deposition of Duane Jones ("Jones Dep.") page 12, lines 9-18 (12:9-18).)

### III. The post-Citation Transfers.

8. Jones sat for his citation deposition on August 9, 2018.

9. Even though the Citation was served on Premier on January 11, 2017, and expressly prohibited Premier from transferring funds, Jones testified that he has continued to allow Premier to transfer monies since January 11, 2017 (the "Transfers") and continued to operate the business and pay its expenses. (Ex. C, Jones Dep. 11:21-24)

10. While Premier continued to operate and transfer assets in violation of the Citation, Premier has not paid any portion of the Funds' judgment.

11. As a result, the Funds hereby bring the instant motion to seek contempt against Jones for authorizing the transfer for Premier's assets after being duly served with the citation, and to have a judgment entered against Jones for having violated the lien created by service of a citation to discover assets.

### ARGUMENT

12. An individual may be held in civil contempt where he or she is responsible for a violation of "an unequivocal command" set forth in a "decree from the court." *Grove Fresh Distribs., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 642 (7th Cir. 2002). In addition, under Illinois law, which Federal Rule of Civil Procedure 69(a) makes applicable to post-judgment procedures in this court, "corporate officers are obligated to obey judicial orders directed at their corporations and are liable when they permit the corporation to make non-exempt payments in violation of the citation." *Laborers' Pension Fund v. A&C Envtl., Inc.*, No. 99 C 8300, 2005 WL 994525, at *2 (N.D. Ill. Apr. 19, 2005) (citation omitted).

13. Here, by violating the Citation's prohibition on transferring assets, the Transfers violated an unequivocal command contained in a standing order of this Court. (See Part I below.) Accordingly, this Court should hold Jones in contempt for the Transfers that he allowed and hold him liable for the amount of those Transfers. (See Part II below.)

**I.  The Transfers violated the Citation, a standing Court order.**

14. Under Illinois law, properly serving a citation in supplemental proceedings to discover assets creates a lien on all property belonging to the judgment debtor that is in the judgment debtor's possession or control. 735 Ill. Comp. Stat. 5/2-1402(m)(1); *see also, e.g.*, *City of Chi. v. Air Auto Leasing Co.*, 697 N.E.2d 788, 791 (Ill. App. Ct. 1998). The lien is perfected on the date of service of the citation to discover assets. *E.g.*, *In re Sarah Michaels, Inc.*, 358 B.R. 366, 374 (N.D. Ill. 2007).

15. Further, under Illinois law, a citation to discover assets "may prohibit the party to whom it is directed from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from the enforcement of a judgment therefrom . . . until the further order of the court or the termination of the proceeding, whichever occurs first. " 735 Ill. Comp. Stat. 5/2-1402(f)(1). Citation proceedings terminate six months after the judgment debtor's representative sits for the Citation deposition.[1] Ill. Sup. Ct. R. 277(f).

16. Here, as discussed, the Citation to Premier expressly prohibited Premier from transferring any assets. Nonetheless, Premier and Jones ignored and violated that prohibition.

---

[1] Since Jones sat for the Citation deposition on August 9, 2018, the Citation is scheduled terminate in February 2019.

17. In response to the Citation, Premier produced its check ledgers for 2013 through 2017, bank statements for the period of February 2017 through December 2017, and federal tax returns for the tax years 2014 through 2016.

18. The bank statements produced by Premier show an approximately eleven-month period from February through December 2017, during which Jones had notice of the Citation (from having been served with it in January 2017) and, nevertheless, caused Premier to make more than 1,200 payments from Premier's Bank of America account – totaling at least $760,500.16 –to make more than 350 payments from Premier's Local Credit Union account – totaling at least $209,711.67 – and to a Local Credit Union under the name D2 Abatement (but used by Premier) – totaling at least $63,725.65 – to third parties in violation of the lien created by, and the prohibition against transfer contained in, the Citation (the total amount improperly distributed from the two accounts exceeded $1,000,000.00, more than six times the amount of the Judgment) *See* Exhibit D, E & F, a true and accurate copy of Premier's bank account statements for the period of January 2017 through December 2017.

19. On August 9, 2018, Jones appear pursuant to the Citation for a deposition under oath to testify as to the assets of Premier. During the deposition, Jones testified that the bank statements produced accurately reflected the dates, transferees, and amounts of the transfers from Premier's corporate bank accounts between February 2017 and December 2017 and that he was the sole signatory to the account. (Ex. C, Jones Dep. 14:24-15:4; 44:20 – 45:10, 47:23 – 48:16.)

20. In the month of February alone, there were withdrawals and debits on Premier's Bank of America account in the amount of $129,768.74. (Ex. C, Jones Dep. 54:21- 55:4.) With respect to many of the charges, Jones testified that he could not even indicate if they were business or personal expenses, as he testified that he sometimes used the account for personal use, including

his fantasy football, and did not even have his own personal checking account. (Ex. C, Jones Dep. 35:7- 36:15; 68:16-19). A small sample is as follows:

| Date | Payee | Amount |
| --- | --- | --- |
| 2/3/17 | Best Buy | 104.37 |
| 2/7/17 | Vivid Seats | 327.36 |
| 2/9/17 | Sharks BBQ | 100.87 |
| 2/10/17 | Sterling Quick | 100.87 |
| 2/10/17 | Meijer | 121.39 |
| 2/13/17 | Olive Garden | 87.17 |
| 2/23/17 | Hulu | 11.99 |
| 3/2/17 | Maria's Liquor | 1,020.00 |
| 3/16/17 | ATM | 500.00 |
| 3/20/17 | Walmart | 815.50 |
| 3/27/17 | Huntington | 703.50 |
| 4/3/17 | ATM | 600.00 |
| 5/8/17 | Jarbou Sons | 202.50 |
| 6/14/17 | Netflix | 9.99 |
| 7/10/17 | Walmart | 116.01 |
| 8/17/17 | ATM | 703.00 |
| 9/1/17 | Walease Jones | 275.00 |
| 9/18/17 | DraftKings | 25.00 |
| 10/23/17 | FanDuel.com | 100.00 |
| 11/15/17 | Meijer | 70.79 |

| 12/26/17 | Meijer | 125.19 |

(*See* Ex. C, Jones Dep: 55:5 – 57:9; Ex. D.) In any event, even if some of the payments were legitimate business expenses, that would not excuse Jones from having violated the Citation lien.

20. Notably, there are only two exceptions to the prohibition against transfer. 735 Ill. Comp. Stat. 5/2-1402(f)(1); *Air Auto Leasing*, 697 N.E.2d at 791. First, there is an exception for transfers of property exempt from the enforcement of a judgment, 735 Ill. Comp. Stat. 5/2-1402(f)(1), such as social security and public assistance benefits, *see* 735 Ill. Comp. Stat. 5/2-1402(b). *Air Auto Leasing*, 697 N.E.2d at 791. The second exception applies to property of the judgment debtor in the hands of third parties which exceeds twice the amount of the balance the judgment creditor seeks to enforce. 735 Ill. Comp. Stat. 5/2-1402(f)(1); *see also, e.g.*, *Air Auto Leasing*, 697 N.E.2d at 791. Neither of those exceptions applies here.

21. Further, there is no statutory exception for payment of ordinary business expenses, including professional services. *Bank of Am., N.A. v. Freed*, 971 N.E.2d 1087, 1095 (Ill. App. Ct. 2012); *Air Auto Leasing*, 697 N.E.2d at 791-92; *Laborers' Pension Fund v. Dominic Jr., Inc.*, No. 02 C 3321, 2003 WL 21310282, at *2-3 (N.D. Ill. June 5, 2003).

22. Thus, the Transfers violated the Citation's prohibition against transferring Premier's assets because all of those Transfers were made after the Citation was served but before any termination of the Citation. Further, none of the Transfers fell under either of the narrow exceptions to the prohibition.

**II. This Court should hold Jones in contempt for the Transfers that he allowed and enter judgment against him for the amount of those Transfers.**

23. Pursuant to 735 ILCS 5/2-1402(f)(1) and the Illinois Supreme Court Rule 277(h), any person who fails to obey a citation may be held in contempt and the court may enter judgment against the party in the amount of the unpaid portion of the judgment or in the amount of the value of the property transferred, whichever is lesser. *See Shales v. Lanas Constr., In.,* No. 07 C 2970, 2010 WL 3842362, at *4 (N.D. Ill. Sept. 24, 2010).

24. As the majority shareholder and operations manager of Premier, Jones has been obligated to comply with the provisions of the Citation that prohibited the transfer of assets. *See Shales*, 2010 WL 3842362, at *5-6; *see also For Your Ease Only, Inc. v. Calgon Carbon Corp.*, No. 02 C 7345, 2009 WL 3255236, at *1 (N.D. Ill. Oct. 6, 2009); *Fox Valley Laborers Fringe Benefit Funds v. Pride of the Fox Masonry & Expert Restorations*, No. 94 C 4289, 1996 WL 137654, at *8 (N.D. Ill. March 25, 1996).

25. Jones's act of permitting the transfer of Premier's assets after personal service of the Citation establishes a willful violation of the Citation. *See West Bend Mut. Ins. Co. v. Belmont State Co.*, No. 09 C 354, 2010 WL 5419061, at *10-11 (N.D. Dec. 23, 2010); *see also Fox Valley Laborers*, 1996 WL 137654, at *8-9.

26. Jones has completely ignored the lien created by service of the Citation and he continued to allow Premier to make payments through at least December 26, 2017. (Exhibits D, E & F). In fact, Jones testified that he sometimes used the Bank of America account for personal use and had a difficult time remembering if many of the charges were for personal or business use. (Ex. C, Jones Dep. 34:21-35:8; 57:3-9, 57:22-58:8.) Nevertheless, all such expenditures violated the Citation lien.

27. Due to Jones's willful disregard of the Citation lien which prohibited the transfer of Premier's assets, this Court should find Jones in contempt in accordance with 735 ILCS 5/2-1402(f)(1) and Illinois Supreme Court Rule 277(h).

28. In addition to a finding of contempt, 735 ILCS 5/2-1402(f)(1) also provides that this Court may enter a judgment against Jones, personally, for his failure to obey the Citation "in the amount of the unpaid portion of the judgment and costs allowable under this Section, or in the amount of the value of the property transferred, whichever is lesser." *See Shales*, 2010 WL 3842362, at *7-8; *See also A & C Environmental*, 2005 WL 994525, at *3-4; *Fox Valley Laborers*, 1996 WL 137654, at * 8-9.

29. Pursuant to 735 ILCS 5/2-1402(h), this Court may award the Funds the attorneys' fees and costs that it has incurred in bringing this motion. *See Shales*, 2010 WL 3842362, at *7.

30. Under 735 ILCS 5/2-1303, interest on a money judgment accrues at the rate of nine percent (9%) per annum from the date of the judgment until paid in full.

31. As a remedy for Jones's willful failure to comply with the Citation, and because Jones improperly caused Premier to make transfers in an amount of more than six times the amount of the Judgment against Premier, the Funds request the entry of a judgment against Jones, personally, for: the outstanding balance of the Judgment (presently, $174,010.22 ($77,158.36 for the Health Fund judgment and $96,851.86 for the Pension Fund judgment), plus all attorneys' fees and costs incurred by the Funds in connection with this proceeding together with the interest on the foregoing amounts at the rate of nine percent (9%) per annum from the date of judgment entered by this Court.

**WHEREFORE**, Plaintiffs, Central States, Southeast and Southwest Areas Health and Welfare Fund, Central States Southeast and Southwest Areas Pension Fund and Arthur H. Bunte, Jr., trustee, respectfully request that the Court enter an Order as follows:

(A)  That Duane Jones is held in Contempt of Court for violating the Citation that was personally served upon him as the sole shareholder and president of Premier Environmental Solutions, LLC;

(B)  That a judgment is entered against Duane Jones, personally, for: the balance of the outstanding Judgment (presently, $174,010.22[2] ($77,158.36 for the Health Fund judgment and $96,851.86 for the Pension Fund judgment), plus all attorneys' fees and costs incurred by the Funds in connection with this proceeding together with the interest on the foregoing amounts at the rate of nine percent (9%) per annum from the date of Judgment;

(C)  For other such relief deemed just and proper.

Respectfully submitted,

/s/Caitlin M. McNulty
Caitlin M. McNulty (#6317985)
Central States Law Department
9377 W. Higgins Road
Rosemont, Illinois 60018
Telephone: (847) 939-2463
Fax: (847) 518-9797
cmcnulty@centralstatesfunds.org

---

[2] $174,010.22 is the balance of the Judgment, with interest, through and including October 19, 2018. The Judgment accrues interest at a rate of $18.55 per day. If the Funds' Motion is not granted on October 19, 2018, the Funds request leave to include the additional daily interest in a judgment entered against Jones.

**CERTIFICATE OF SERVICE**

  I, Caitlin M. McNulty, one of the attorneys for the Central States, Southeast and Southwest Areas Pension Fund and Central States Southeast and Southwest Areas Health and Welfare Fund, certify that on October 16, 2018, I served the foregoing *Plaintiffs' Motion for Order of Contempt of Court and for Entry of Judgment Against Duane Jones* via overnight mail and electronic mail to the following non-ECF participant:

Duane Jones<br>
48900 Villa Dioro Circle<br>
Shelby Township, MI 48315<br>
1967jonesduane@gmail.com

                */s/Caitlin M. McNulty*
                Caitlin M. McNulty (#6317985)
                Central States Law Department
                9377 W. Higgins Road
                Rosemont, Illinois 60018
                Telephone: (847) 939-2463
                Fax: (847) 518-9797
                cmcnulty@centralstatesfunds.org